UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIBY SCHOENWALD, an infant, by her Father and Natural Guardian, ISAAC SCHOENWALD, and the ESTATE OF FRIDA SCHOENWALD, by its Administrator ISAAC SCHOENWALD,

*Plaintiffs*,

-against-

NEW YORK CITY HOUSING AUTHORITY,

*Defendant.*

07 CV 6983 (PKC)(RLE)

ECF CASE

𝕮𝖔𝖒𝖕𝖑𝖆𝖎𝖓𝖙

JURY DEMANDED

---

Plaintiffs LIBY SCHOENWALD, an infant, by her Father and Natural Guardian, ISAAC SCHOENWALD, and the ESTATE OF FRIDA SCHOENWALD by its Administrator ISAAC SCHOENWALD, by their attorneys, Tenenbaum & Berger LLP, as and for their complaint respectfully allege upon information and belief that:

## BACKGROUND

1. By this action, plaintiffs seek monetary and declaratory relief pursuant to federal and state law as against defendant The New York City Housing Authority's ("NYCHA") promulgation, implementation and enforcement of its so-called "Minor's Rule."

2. The Minor's Rule, promulgated on July 11, 2003, which has been found to be a *per se* violation of the familial status definition of the United States Fair Housing Act, 42 U.S.C. §1437, *et seq.* (The "Act") by the United States Department of Housing and Urban Development ("HUD"), states as follows:

> "Every minor (a person under age 18) for whom a request for permission for permanent occupancy has been submitted, must either

be the birth/natural child, adoptive child, judicially declared to be the ward (under the legal custody or guardianship) of, or spouse either of the tenant or of an authorized permanent family member."

3. Plaintiffs are members of the Hasidic Jewish faith and are members of one family. In accordance with the cultural norms and accepted family practices of their Hassidic community, grandparents have taken in certain of their grandchildren to live with them on a permanent basis. Families whose children number close to a dozen on average, rely heavily on grandparents to assist in the child-rearing and upbringing of their children. Grandparents, for their part, rely on the independence and companionship of their grandchildren who live with them to keep them youthful and assist them as they grow older.

4. In keeping with their familial obligations and cultural norms, members of plaintiffs' Hassidic community have been taking in grandchildren to live with them for many years, if not decades, without objection from NYCHA. As is required by the Authority's rules and regulations, tenants would apply for permission to add their grandchildren to their households, and would report any additional income the tenants would receive to the household to help with the upbringing of their grandchildren.

5. Until 2003, NYCHA, in compliance with the U.S. Fair Housing Act's definition of "family", would generally approve the arrangement, provided consent of the parents was given in writing and the family relationship was verified, and would raise the tenants' share of the rent according to the increase in total household income; thus relieving some of the burden on public housing for the subsidizing of low income families.

6. Frida Schoenwald, now deceased, was the tenant of record and at all times herein, resided at 121 Wilson Street, Apt. 5-F, an apartment in the Independence Towers Houses

development of defendant NYCHA, located in the Williamsburg section of Brooklyn, New York ("the Subject Premises").

7. Plaintiff Liby Schoenwald is the granddaughter of Frida Schoenwald, and resides at the Subject Premises.

8. In or about February 2004, Frida Schoenwald requested permission from NYCHA for her granddaughter Liby, who was fourteen years old at the time, to reside with her at the subject premises. Liby's parents had given their permission for Liby to reside with her grandmother.

9. On or about March 8, 2004, NYCHA, by the manager of Independence Towers Houses, denied Mrs. Schoenwald's request. The reason provided for the denial was "no custody papers" for Liby, who was a minor.

10. Thereafter, Frida Schoenwald administratively challenged the denial of her request in the form of grievances, while Liby Schoenwald continued to reside in the subject premises. Mrs. Schoenwald's grievances were denied.

11. The matter proceeded to an administrative hearing where, by Decision dated March 13, 2007, a NYCHA hearing officer upheld the denial of Frida Schoenwald's request, relying on NYCHA GM-3692 Amended, or the so-called "Minor's Rule" which purportedly requires that all adults adding minors to their household have legal custody of those minors.

12. On or about April 5, 2007, the NYCHA Board of Commissioners adopted the Decision denying Frida Schoenwald's request, that being the final agency determination on the matter.

13. By this action, plaintiffs challenge that the "Minor's Rule" promulgated by

NYCHA that prevents tenants from adding their respective grandchildren to their households without first obtaining legal custody of those grandchildren violates plaintiffs' rights under the Act, its implementing regulations and other HUD rules and regulations, and the United States Constitution.

14. In so depriving plaintiffs of their rights, defendants acted under color of federal and state law, and therefore, plaintiffs seek declaratory, injunctive and/or monetary relief pursuant to the Act (42 U.S.C. §1437, *et seq.*), 24 C.F.R. §§ 100.5 and 100.20, *et seq.*, the United States Constitution, and 42 U.S.C. § 1983. Plaintiffs also respectfully request that this Court hear and dispose of its state law claims pursuant to its supplemental jurisdiction.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 for civil actions arising under the laws of the United States; 28 U.S.C. § 1343 for actions arising under laws providing for the protection of civil rights.; and 28 U.S.C. § 1367 for actions arising under state law pursuant to which the Court may exercise its supplemental jurisdiction.

16. Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure and injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

17. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b)(1) &(2). The Southern District of New York is the judicial district in which the principal office of defendant NYCHA is located and is where NYCHA made its final determination of which plaintiffs complain.

## PARTIES

18. The late Frida Schoenwald was an individual, who was the tenant of record and, at all times relevant herein, resided at 121 Wilson Street, Apt. 5F, Brooklyn, New York.

19. Isaac Schoenwald, an individual, is the son of Frida Schoenwald, the administrator of her estate and the father of plaintiff Liby Schoenwald, a minor. Mr. Schoenwald resides at 105 Clymer Street, Brooklyn, New York.

20. Liby SCHOENWALD, an individual, the granddaughter of Frida Schoenwald, has, at all relevant times herein, resided at the subject premises.

21. Defendant NYCHA, is, upon information and belief, a body corporate and politic, formed pursuant to the laws of the State of New York, Public Housing Law, § 401 *et seq*.

## STATUTORY AND REGULATORY SCHEME

### The United States Housing Act

22. Congress enacted the United States Housing Act of 1937 and its subsequent amendments "to remedy the unsafe and unsanitary housing conditions and the acute shortage of decent, safe, and sanitary dwellings for families of lower income..." 42 U.S.C. § 1437.

23. The Act and its implementing regulations grant, *inter alia*, certain rights to tenants residing in facilities operated by a public housing authority ("PHA") receiving funds pursuant to the Act. 42 U.S.C. § 1437 *et seq.*, 24 CFR 100.5 and 100.20 *et seq*.

### The Civil Rights Act of 1871

24. The Civil Rights Act of 1871 provides that any person who "under color of any statute, ordinance, regulation, custom or usage" of any state deprives an individual of the "rights, privileges, or immunities secured by the Constitution and laws" shall be liable in an action at law or

equity. 42 U.S.C. § 1983.

## STATEMENT OF FACTS

25. On or about February 12, 2004, Frida Schoenwald requested permission from NYCHA for Liby Schoenwald, her 14-year old granddaughter at the time, to reside with her at the subject premises. Liby's parents (her father, Isaac Schoenwald was Frida Schoenwald's son) had given their permission for Liby to reside with her grandmother.

26. The reason for this request was that Frida Schoenwald was elderly, experienced numerous medical conditions, required help and could no longer live alone. Copies of the permission request and parental consent letter were submitted to NYCHA.

27. On or about March 8, 2004, NYCHA, by the manager of Independence Towers Houses, denied Mrs. Schoenwald's request. The reason given for the denial was "no custody papers" for Liby, who is a minor.

28. Liby Schoenwald continued to reside in the subject premises.

29. Frida Schoenwald, in the meanwhile, filed an administrative grievance to challenge the denial and contended that the so-called "Minors Rule," which purportedly required that Frida Schoenwald obtain legal guardianship of her granddaughter before permission for Liby to reside with her would be granted, was invalid. This was especially so, given that Frida Schoenwald had already obtained permission for a different minor granddaughter, Pearl Schoenwald, to reside with her in the year 2000, without having obtained legal custody of her. At that time, it sufficed that Pearl's parents had also given permission for their daughter to reside with her grandmother. Pearl Schoenwald had resided with Mrs. Schoenwald as an approved member of the household from 2000 until she moved out in early 2004.

30. On July 9, 2005, the manager of Independence Towers denied Mrs. Schoenwald's grievance.

31. On or about July 29, 2005, NYCHA held a "district grievance" in which the Brooklyn Borough Management Office upheld the manager's determination.

32. On March 15, 2006, the matter proceeded to an administrative hearing at NYCHA headquarters. At the hearing, the parties stipulated to the documentary evidence, including Frida Schoenwald's permission request and the District Grievance, and submitted memoranda of law setting forth their respective positions.

33. At the hearing, NYCHA argued that its "minors" policy requires that adults adding minors to their household to have legal custody of those minors, and Frida Schoenwald challenged the validity of the Minor's Rule.

34. On March 13, 2007, the NYCHA hearing officer issued a Decision, upholding NYCHA's denial of permission for Liby to reside with her grandmother.

35. Thereafter, on April 5, 2007, the NYCHA Board of Commissioners ratified the Decision, that being the final agency determination on the matter.

36. Mrs. Schoenwald passed away on April 20, 2007.

37. This action follows.

### As and For a First Cause of Action
### for Declaratory Judgment

38. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 37 above as if such allegations were set forth in full herein.

39. The Fair Housing Act, its implementing regulations and federal caselaw grant certain rights to tenants residing in facilities operated by a public housing authority ("PHA") receiving funds pursuant to Fair Housing Act. 42 U.S.C. § 1437 *et seq.* Pursuant to the Act and its implementing regulations, a tenant is broadly defined to include the lessee and the lessee's family 24 C.F.R. § 966.53(f).

40. "Family" is also defined by federal regulations as "a single person or a group of persons." 24 C.F.R. §982.201(c). This is plainly meant to apply to both the traditional and non-traditional "family" group.

41. Thus, it has been the stated rule of HUD, and Congress, to disallow the instant type of restriction on tenant families, requiring court awarded guardianship for proposed additions to households, as a violation of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Amendments Act of 1988.

42. Accordingly, in an analysis of the so-called Minor's Rule by the upstate New York Village of Kiryas Joel Housing Authority, which is identical to the Minor's Rule promulgated and implemented by NYCHA against plaintiffs, Henry S. Czauski, Regional Counsel of HUD for New York and New Jersey, in a decision dated January 16, 2004, analyzed and ruled on the so-called "Minors Rule" as presented to HUD by the upstate New York Village of Kiryas Joel Housing Authority (in a verbatim rendition thereof), and held as follows:

> "In accordance with the familial status protection of the Fair Housing Act, if a parent or guardian provides written permission for an individual to have custody of a child under 18 and this child is domiciled with the tenant, then this child becomes part of the individual's 'family.' <u>Accordingly, the proposed standard of the Village of Kiryas Joel Housing Authority would violate the familial status protection afforded by the Fair Housing Act</u> as set forth in the

implementing regulations discussed above at 24 CFR 100.5 and 100.20." (*emphasis added*).

43. This is not the first time HUD has definitively prohibited a Public Housing Authority from promulgating a "legal custody" or "legal guardianship" regulation with relation to tenant families.

44. By letter and determination dated August 28, 1986, from the Los Angeles Office of HUD to the Housing Authority of the County of Riverside HUD ruled, in a case where a household consisted of a tenant and her grandchild for whom she did not have "legal custody or guardianship", that:

> Although 24 CFR 882.209 (a)(2) provides that the 'PHA [Public Housing Authority] shall determine whether an applicant for participation qualifies as a family', Section 882.204 (b)(3)(ii) states that the PHA's administrative plan must state the PHA's policies and procedures for 'handling applications and determining family eligibility'. Furthermore, these procedures must be approved in advance by HUD and HUD can require elimination of unreasonable selection procedures (49 FR 12220 dated March 29, 1984).
>
> Current HUD occupancy standards would not permit the PHA to require legal guardianship under these circumstances for the purpose of determining family eligibility because the practice would not stand the 'test of reasonableness'. <u>You must stop this practice.</u>" (*emphasis added*).

45. The Los Angeles case involved a tenant family in the Section 8 program. HUD addressed the problematic regulation as it fits, or fails to fit, into the scheme of all subsidized housing programs, whether through subsidy vouchers to private landlords, or within the scope of publicly owned housing developments. Regardless of the program, the subsidy comes from HUD and the American Family remains the same.

46. As explained by HUD in the above rulings, that "legal guardianship" or "legal

custody" is not to be <u>required</u>, this is really a matter of long standing Federal Law and tenants' civil rights. That is to say, in prohibiting discrimination on the basis of "familial status", pursuant to 42 USC § 3604, the Code of Federal Regulations (24 CFR §100.20) defines "familial status" to be:

> "one or more individuals (who have not attained the age of 18 years) being domiciled with -
> (a) a parent or another person having legal custody of such individual or individuals;
>
> <u>or</u>
>
> <u>(b) the designee of such parent or other person having such custody, with the written permission of such parent or other person.</u>" (*emphasis added*)

47.     Thus, as analyzed by HUD from coast to coast, there can be no reasonable explanation for the New York City Housing Authority's promulgation and enforcement of the so-called "Minors Rule." NYCHA's actions in this matter are *per se* violations of the Petitioners' civil rights, as has already been found to be the case by HUD in identical circumstances.

48.     The Minor's Rule itself is unreasonable, is without rational basis, and serves no justifiable government purpose. It is extremely inflexible, overly restrictive and creates an unconstitutional and conclusive presumption of what constitutes a family. Furthermore, it constitutes an undue invasion of privacy, a denial of equal protection under the law, a denial of due process under the law and, effectively, causes an arbitrary and malicious attack on the Appellants' right to quiet enjoyment of public housing and free association with family members.

49.     The purported promulgation of the Minors Rule has given rise to a justiciable controversy between the parties as to the parties' rights and obligations regarding the plaintiffs' tenancies and the parties' legal relationship.

50.     By reason of the foregoing, plaintiffs seek and are entitled to a declaratory

judgment declaring and determining the Minors Rule to be void, ineffective and a nullity, as provided for by Public Housing Law §54(1).

51.   By reason of the foregoing, plaintiffs seek and are entitled to a declaratory judgment declaring and determining that the Minor's Rule is void, ineffective and a nullity, as it does not stand the "test of reasonableness" required of such rules and policies of NYCHA by the United States Housing Act (42 U.S.C. §1437 *et seq.*), its implementing regulations (Title 24 of the Code of Federal Regulations) and the administrative guidelines of HUD.

52.   By reason of the foregoing, plaintiffs seek and are entitled to a declaratory judgment declaring and determining that the Minors Rule is void, ineffective and a nullity, as the Minors Rule, requiring "Legal Guardianship" and/or "Legal Custody" for plaintiffs and their grandchildren to be officially recognized as a family, in the face of a proven blood relationship and notarized affidavits of approval, consent and support from the children's parents, is extremely inflexible, overly restrictive and creates an unconstitutional and conclusive presumption of what constitutes a family.

53.   By reason of the foregoing, plaintiffs seek and are entitled to a declaratory judgment declaring and determining that the Minors Rule is void, ineffective and a nullity, as the Minors Rule violates the Due Process and Equal Protection clauses of the 14th Amendment, and the rights to privacy and free association, protected by the First, Fifth and Fourteenth Amendments to the Constitution of the United States and by the New York State Constitution.

54.   Plaintiffs have no adequate remedy at law.

### As and For a Second Cause of Action
### for Declaratory Judgment

55. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 54 above as if such allegations were set forth in full herein.

56. That by reason of the foregoing, plaintiffs seek an Order and Judgment of this Court declaring and determining Liby Schoenwald to have been lawfully added to now deceased Frida Schoenwald's household on February 12, 2004, under the NYCHA regulatory definition of permanent additions to households.

57. Plaintiffs have no adequate remedy at law.

### As and For a Third Cause of Action
### for Damages

58. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 58 above as if such allegations were set forth in full herein.

59. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 66 above as if more fully set forth herein.

60. Plaintiffs are entitled to a judgment, pursuant to New York Civil Practice Law and Rules ("CPLR") Article 78, annulling or modifying the final administrative determination made by the NYCHA Board dated April 5, 2007, which ratified the Decision that denied Frida Schoenwald's application, on the grounds that NYCHA's final determination was made in violation of lawful procedure, was affected by error of law or was arbitrary and capricious or an abuse of its discretion.

-12-

WHEREFORE, plaintiffs respectfully request that judgment be entered

a) on plaintiffs' first cause of action, declaring and determining that the Minors Rule is illegal, void, ineffective, a nullity and of no force and effect;

b) on plaintiffs' second cause of action, declaring and determining Liby Schoenwald to have been lawfully added to now deceased Frida Schoenwald's household on February 12, 2004, under the NYCHA regulatory definition of permanent additions to households;

c) on plaintiffs' third cause of action, pursuant to Article 78 of the Civil Practice Law and Rules, finding that defendants' final determination dated April 5, 2007, was made in violation of lawful procedure, was affected by error of law or was arbitrary and capricious or an abuse of its discretion; declaring and requiring defendant to add Liby Schoenwald to Frida Schoenwald's NYCHA household family composition; and prohibiting NYCHA from implementing and/or enforcing the so-called "Minors Rule" embodied in NYCHA GM-3692 Amended, Sect. III, Subdivision D, dated and purportedly promulgated on July 11, 2003;

d) awarding each and every one of the Plaintiffs reasonable costs and attorneys fees pursuant to §1988 of Title 42 of the United States Code, and pursuant to CPLR § 8600 *et seq.* ("New York State Equal Access to Justice Act"), in an amount to be determined at trial, on each and every cause of action asserted herein, as allowable by law; and

e) for such other, further and different relief as this Court may deem to be just, proper and equitable.

Dated: August 3, 2007
Brooklyn, New York

Yours, etc.,

Tenenbaum & Berger, LLP

By: David Berger, Esq. (DB 5558)
*Attorneys for Plaintiffs*
26 Court Street, Penthouse
Brooklyn, New York 11242
(718) 596-3800

Index No. 07 CV 6983 (PKC)(RLE)

ECF CASE    JURY DEMANDED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIBY SCHOENWALD, an infant, by her Father and Natural Guardian, ISAAC SCHOENWALD, and the ESTATE OF FRIDA SCHOENWALD, by its Administrator ISAAC SCHOENWALD,

*Plaintiffs,*

-against-

NEW YORK CITY HOUSING AUTHORITY,

*Defendant.*

# SUMMONS & COMPLAINT

TENENBAUM & BERGER LLP
*Attorneys for the Plaintiffs*
26 COURT STREET - PENTHOUSE
BROOKLYN, NEW YORK 11242
(718) 596-3800